reason why the plaintiff should not recover on these coupons on the evidence in the case, if believed by the jury.

Thirty-six points or prayers for instruction have been presented by plaintiffs' counsel. The first ten are refused. The eleventh has been given on the charge. Twelfth: It matters not who paid the treasurer for his trouble; the rest of the point is answered in the affirmative. Thirteenth is refused, as also the fourteenth, except as already given. Fifteenth refused. Sixteenth refused; the act authorized the issue of coupons. Seventeenth is given as prayed. Eighteenth is refused. Nineteenth refused. Twentieth refused. Twenty-first refused. Twenty-second refused. Twenty-third has been given; makes twenty-fourth, twenty-fifth, twenty-sixth, and twenty-seventh unnecessary and superfluous. Twenty-eighth has been given. Twenty-ninth, thirtieth, thirty-first, thirty-second, and thirty-third refused. Thirty-fourth refused, the evidence proving the contrary. Thirty-fifth refused under the evidence. Thirty-sixth refused. The plaintiffs have a right to interest on the coupons which the jury shall find to have been legally issued under the previous instructions, with interest from day of payment.

[NOTE. Plaintiffs subsequently sued out a writ of fi. fa., and levied on 656 shares of the capital stock of the Pittsburgh Gas Company, held in the names of the defendants on the books of the corporation. An application to set aside the execution and the levy was refused. Case No. 10,444.]

OELRICH v. PITTSBURGH.   See Case No. 10,444.

## Case No. 10,443.

### OELRICH v. BARNEY.

Circuit Court, S. D. New York.   Jan. 18, 1886.

[Cited in Tomes v. Barney, 35 Fed. 115. Reversed by supreme court sub nom. Barney v. Oelrichs, 138 U. S. 529, 11 Sup. Ct. 414. Nowhere reported; opinion not now accessible.]

## Case No. 10,444.

### OELRICH et al. v. PITTSBURGH.

[17 Leg. Int. 4;[1] 3 West. Law Month. 14; 2 Pittsb. Rep. 93; 7 Pittsb. Leg. J. 81, 249.]

Circuit Court, W. D. Pennsylvania.   Sept. 20, 1859.

#### MUNICIPAL CORPORATIONS—EXECUTION.

Stock owned by a municipal corporation, may be taken in execution and sold under a fi. fa. issued out of circuit courts of United States.

At a recent session of the United States court, this suit, brought against the mayor, aldermen, and citizens of Pittsburgh, was

[1] [Reprinted from 17 Leg. Int. 4, by permission.]

for the interest on city bonds. The plaintiff obtained judgment in the suit for two thousand dollars, and an execution was issued to the marshal. [Case No. 10,442.] The marshal seized upon city gas stock, and threatened to sell it to satisfy the claim. An application was made to Judge M'Candless, to set the levy aside as alleged.

Judge Shaler, for plaintiffs.
Thomas Williams, for defendant.

M'CANDLESS, District Judge. This case was tried at the late term of the circuit court, a verdict rendered in favor of the plaintiffs, and judgment entered on the 23d of May last. Defendants having failed to file their writ of error, issue their citations, give bail, and remove their case to the supreme court of the United States, plaintiffs sued out a fieri facias on the second day of September, and levied on six hundred and fifty-six shares of the capital stock of the Pittsburgh Gas Company, owned by defendants and held in their names on the books of the corporation. An application was made to this court to set aside the execution and the levy, upon the ground that the writ of fieri facias is not the proper remedy and will not lie against a municipal corporation; and that under the law of the state recognized in this court, the process of fieri facias is not the proper one for the seizure and sale of the corporation stock held by the defendants.

This court is impressed with the gravity of the questions presented, and has given to them the consideration which their importance demands.

1. It is contended that the act of the 15th of April, 1784, creating counties and townships bodies corporate, is applicable to cities and boroughs, and that the plaintiffs are limited to the remedy provided in that act. We think not; cities are no where mentioned, except when embraced within a county, and it is declared that they shall form a constituent part of it, reserving to them all the franchises conferred by their respective charters. They were independent bodies politic, capable in law of suing and being sued, and of holding real and personal estate. They were not merged in the counties, and being already corporate bodies, having all the immunities and subject to all liabilities as such, there was no legal necessity for the application of the law to them. Counties, on the contrary, were nondescript bodies, called by the courts, before the passage of the act, quasi corporations, against which the creditor had but an imperfect remedy. They were represented by commissioners, as they are now, but with limited and undefined duties and responsibilities. 10 Serg. & R. 290. It was to remedy this defect that the law was passed. Rep. Comm. Civ. Code, Jan. 4, '89, p. 5. It would be manifestly impracticable to execute the act of '84 as to cities. Upon whom would you serve the writ, which